Tyler S. Foutz (#10855)
FETZER BOOTH, PC
50 West Broadway, Suite 1200
Salt Lake City, UT  84101
Telephone: (801) 328-0266
tyler@moutainwestlaw.com
  *Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY ADDICTION RECOVERY CENTERS, LLC, a Utah Limited Liability Company | **COMPLAINT** |
|      Plaintiff, | |
| vs. | Civil No   2:24-cv-239 |
| BLUFFDALE CITY, a Utah municipality, | Judge |
|      Defendant. | |

Plaintiff LIBERTY ADDICITON RECOVERY CENTERS, LLC (hereafter "Liberty" or "Plaintiff") hereby complains and alleges against BLUFFDALE CITY (hereafter "Defendant" or the "City") as follows:

### PARTIES

1.      Plaintiff is a Utah limited liability company in good standing with its principal place of business in Salt Lake County, Utah.

2.      Defendant Bluffdale City is a municipality and political subdivision of the State of Utah created and existing under Title 10 of the Utah Code.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1331 and

28 U.S.C. Section 1343 because some of Plaintiff's claims arise under the United States

Constitution and the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28

U.S.C. Section 1367 as the violation of Plaintiff's civil rights under the Constitution of the

United States and the supplemental claims arise under a common nucleus of operative facts and

therefore form part of the same case or controversy under Article III of the United States

Constitution.

5.      This action may be brought in the Central Division of the District Court pursuant

to the provisions of 28 U.S.C. Section 2201.  Venue is proper pursuant to 28 U.S.C. § 1391(b)

because Defendant resides in the Central Division of the District of Utah and the events giving

rise to Plaintiff's claims occurred there.

## GENERAL ALLEGATIONS

6.      Plaintiff is the owner of property located in Bluffdale City, at the address of

15257 S. Scenic Crest Cir., Bluffdale Utah (the "Property").

7.      Plaintiff operates a residential treatment center for individuals suffering from

substance abuse disorder.

8.      Plaintiff's operations do not include detox or medically supervised withdrawal

treatment from substance or alcohol use.

9.      Plaintiff's operations provide a supportive and therapeutic environment from individuals seeking residence and treatment from substance abuse disorder and related medical issues and disorders that frequently accompany such.

10.     Residents of the Property are disabled as defined by 42 USC § 3602 and Utah Code Ann § 57-21-2(9)(a), as are others seeking residence at the Property.

11.     Residents of the Property and those who seek residence at the Property do not fall within the exclusionary language of the relevant statutes.

12.     Plaintiff has standing to seek housing and other accommodations on behalf of those residing at and seeking residence at the Property, as all residents and those seeking residence are or will be handicapped as defined by the relevant statutes.

13.     Plaintiff was previously issued a state-authorized business license to allow up to 26 residents at the Property, all of whom are and would be considered handicapped under the relevant statutes.

14.     The present Bluffdale City code provides that a maximum of five unrelated persons may reside in a residential treatment dwelling.

15.     Bluffdale City had previously allowed Plaintiff an accommodation of up to 12 residents total.

16.     Plaintiff seeks to provide therapeutically necessary services to allow disabled residents to enjoy residence and occupation of the Property in providing the following:

    a.   Clinical intervention group therapy;

    b.   Psych-educational therapy group treatment; and

    c.   Therapeutic community and social support.

3

17.     Plaintiff seeks to provide group therapy to heterogenous and homogenous groups of residents, which therapy is necessary to allow them to reside at the Property and achieve success in their treatment.

18.     Therapeutic group sizes of 12 to 15 persons are therapeutically necessary to treat and promote recovery.

19.     In order to have a sufficient resident population to achieve therapeutically necessary group sizes, Plaintiff applied for an accommodation in the nature of a zoning variance from Bluffdale City to house up to 26 residents at any given time.

20.     Such a numerical residential base will allow Plaintiff to house groups large enough to meet the requirements of group size for heterogenous and particularly homogeneous groups.

21.     In particular, homogenous therapy groups are necessary for female residents and minority residents to achieve success in treatment and allow residence at the Property.

22.     With only 12 residents total, Plaintiff is not able to house sufficient residents needed to obtain the required and necessary group sizes to offer the treatment and services necessary for the residents to enjoy residence at the Property and obtain treatment of their disability, particularly to female and minority residents.

23.     With its application for an accommodation, Plaintiff submitted evidence demonstrating that the requested accommodation was reasonable and necessary to provide treatment and allow disabled residents to reside at the property.

24.     On February 29, 2024, the Bluffdale City hearing officer issued a decision declined to offer the accommodation requested, without sufficient basis to do so.

4

25.     There was no finding that the requested accommodation was unreasonable, would place any undue burden on the local community or Bluffdale City.

26.     Bluffdale City Code provides that a person with standing aggrieved of the hearing officer's decision may file for relief in any court of jurisdiction within 30 days of the hearing officer's decision.

**FIRST CAUSE OF ACTION**
**(Disparate Impact under the Fair Housing Act, 42 USC § 3601 *et seq*,**
**Utah Fair Housing Act, Utah Code Ann. § 57-21-101 et seq)**

27.     Plaintiff realleges the preceding allegations as if fully set forth herein.

28.     Bluffdale City code creates a limitation, disallowing more than 5 residents residing at a residential treatment facility.

29.     This limitation creates a disparate and predictable impact on disabled individuals seeking residence at Plaintiff's Property or other such residences.

30.     A certain therapeutic group size of homogenous and heterogenous residents is necessary to enable residents and prospective residents to reside at the Property in conditions that allow said individuals to reside therein.

31.     Without a certain group size, the disabled individuals are not able to, and are discriminated against, in residing at the Property.

32.     Such results in a predictable and foreseeable disparate impact on disabled individuals seeking to reside in the residence of their choice.

33.     There is no reasonable basis upon which to disallow more than five residents to reside together as needed to receive the treatment and obtain living conditions as are necessary.

34.     Plaintiff seeks an order enjoining Defendant from engaging in discriminatory practices in prohibiting additional individuals from residing at the Property as provided by Federal and Utah law. Plaintiff further seeks actual and punitive damages as provided by the FHA and UFHA, plus costs and attorney fees as provided by law.

### SECOND CAUSE OF ACTION
**(Failure to Provide Reasonable Accommodation the Fair Housing Act, 42 USC § 3601 *et seq*, Utah Fair Housing Act, Utah Code Ann. § 57-21-101 et seq)**

35.     Plaintiff realleges the preceding allegations as if fully set forth herein.

36.     Plaintiff applied for and requested a reasonable accommodation of Bluffdale City's zoning code to allow up to 26 residents to reside at the Property.

37.     The request for an accommodation was made on the basis that it is necessary for disabled residents to obtain treatment through therapy groups of a size of 12 to 15 residents.

38.     Without such group size, disabled residents cannot receive the treatment that is necessary for them to reside at the Property.

39.     Allowing a maximum of 26 residents will allow Plaintiff to house residents of a sufficient number to provide necessary therapy group treatment. With a smaller number of residents, the residents of the Property are unable to obtain the necessary treatment.

40.     The requested accommodation is reasonable and does not negatively impact the surrounding community or Bluffdale city in any way.

41.     The requested accommodation does not change the nature of the residential community in which the Property is located.

42.     The requested accommodation does not result in significant additional costs to Bluffdale or impose any undue burden on the city or community.

43.     Without the accommodation, disabled individuals seeking to reside at the Property will be unable to do so as a result of their disability and Bluffdale's refusal to provide reasonable accommodation.

44.     Bluffdale has made no attempt to accommodate the disabled individuals seeking residence at the Property.

45.     As a result, Plaintiff seeks injunctive relief requiring Bluffdale to reasonable accommodate the needs of disabled residents in the manner requested herein. Plaintiff additionally seeks actual damages and punitive damages as provided by law. Additionally, Plaintiff is entitled to an award of costs and attorney fees as provided by statute.

## PRAYER

WHEREFORE, Plaintiff prays that Bluffdale be enjoined from all further discriminatory and unlawful conduct, pay Plaintiff's attorneys fees as allowed by law, and that the City pay Plaintiff actual damages in an amount to be proven at trial. Damages include Plaintiff's hard costs in applying for and seeking a reasonable accommodation, reasonable attorney fees incurred since 2020 and throughout this litigation, and such other and further relief as the Court deems just and proper.

DATED this 1st day of April 2024.

FETZER BOOTH , PC


/s/ Tyler S. Foutz
Tyler S. Foutz
*Attorneys for Plaintiff*